Argued and submitted January 16, ballot title certified February 7, 2002

Richard YUGLER,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S49042)

39 P3d 186

Thomas K. Doyle, Portland, argued the cause and filed the petition for petitioner.

Brendan C. Dunn, Assistant Attorney General, Salem, argued the cause and filed the answering memorandum for respondent. With him on the answering memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

PER CURIAM

## PER CURIAM

In this ballot title review proceeding, petitioner challenges various aspects of the Attorney General's certified ballot title for a proposed initiative measure, which the Secretary of State has denominated as Initiative Petition 126 (2002). We review the Attorney General's certified ballot title to determine whether it substantially complies with the requirements of ORS 250.035(2)(a) to (d). *See* ORS 250.085(5) (setting out standard of review).

We have considered petitioner's arguments and determine that they are not well taken. Accordingly, we certify to the Secretary of State the following ballot title for the proposed measure:

AMENDS CONSTITUTION: PROHIBITS, UNDER SPECIFIED CIRCUMSTANCES, RECOVERING DAMAGES FROM PERSONS LAWFULLY MANUFACTURING, DISTRIBUTING, SELLING, ADVERTISING LAWFUL PRODUCTS

RESULT OF "YES" VOTE: "Yes" vote prohibits government recoveries for lawfully manufacturing, distributing, selling, advertising lawful products; immunizes persons conducting those activities against claims for product's abuse, unlawful use.

RESULT OF "NO" VOTE: "No" vote rejects: prohibiting government recoveries for lawfully manufacturing, distributing, selling, advertising lawful products; immunizing persons conducting those activities when product is abused, unlawfully used.

SUMMARY: Amends Constitution. Under current law, persons manufacturing, distributing, selling, advertising products may be liable for compensatory damages and, when acting with malice or sufficient indifference, may be liable for punitive damages; damages may be reduced, barred by contributory negligence; sixty percent of all punitive damages go to state; settlement with tobacco manufacturers requires payments to state. Measure provides that no person, organization, or business enterprise lawfully manufacturing, distributing, promoting, or advertising lawful products shall be liable for damages resulting from

another's abuse, unlawful use of those products. Measure prohibits state, local, taxing governments from claiming, or accepting in settlement, damages from persons, organizations, or business enterprises for lawfully manufacturing, distributing, selling, promoting, advertising any lawful product. Does not prevent prosecutions, injunctions otherwise available. Other provisions.

Ballot title certified. This decision shall become effective in accordance with ORAP 11.30(11).